# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MARLON MAXIMILLIAN BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:10-CV-150 TLS |
| | ) | |
| SUPERINTENDENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Marlon Maximillian Banks, a prisoner who is proceeding pro se in this matter, filed a complaint alleging that he suffered inhumane conditions of confinement for refusing a work assignment at the Indiana Department of Correction's Miami Correctional Facility, where he is confined.

## DISCUSSION

Currently before the Court is the Plaintiff's Amended Complaint [ECF No. 14]. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under Rule 12(b)(6), a court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). A

complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Additionally, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Plaintiff alleges that on October 18, 2009, and October 22, 2009, after refusing to work in the kitchen, he was punished by being locked in a three and a half by eight foot "cage" (Am. Compl. 8–9, ECF No. 14), with nine other inmates for two hours. He contends that the means by which he was punished did not serve a legitimate state end. Although the Plaintiff did not lose all constitutional rights upon entering prison, the Supreme Court has explained that, because the function of disciplinary action is not retributive but managerial, prison officials are accorded broad discretion in regulating the prisoner population. *Sandin v. Conner* 515 U.S. 472, 486 (1995). As such, his confinement in the cage is merely "[d]iscipline by prison officials . . . within the expected parameters of the sentence imposed by a court of law." *Id.* at 485.

Nevertheless, Banks may not be subjected to conditions which violate the Eighth Amendment. However:

> [c]onditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)](quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of a constitutional violation. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). Although being placed in such close quarters with a number of other inmates for two hours would be extremely unpleasant, doing so did not constitute an Eighth Amendment violation.

In addition, the Plaintiff claims that, as further punishment, he missed one meal on October 18, 2010. While inmates are entitled to be provided with adequate food, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009), "[t]here is, of course, a *de minimus* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). *See also Hudson v. Mc Millian*, 503 U.S. 1, 9–10 (explaining that "extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (quotation marks and citations omitted). There are many reasons why people, inmates and free citizens alike, will occasionally miss a meal. Though missing this meal was likely unpleasant, it did not violate the Eighth Amendment.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 30, 2011.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION